UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
DANNY COSTELLO, and                 )
GAI NGUYEN,                         )
                                    )
        Plaintiffs,            )
                                    )
   v.                               )   Civil Action No. 11-389 (RBW)
                                    )
DISTRICT OF COLUMBIA,               )
                                    )
        Defendant.             )
_____)

## MEMORANDUM OPINION

    The plaintiffs, Danny Costello and Gai Nguyen, bring this civil lawsuit against the District of Columbia (the "District"), seeking redress for an alleged unlawful search of their apartment in violation of 42 U.S.C. § 1983 (2006), the Fourth Amendment of the United States Constitution, and 18 U.S.C. § 3109 (2006). See Third Amended Complaint for Violation of Civil and Constitutional Rights ("Am. Compl.") ¶¶ 4-23. Currently before the Court is the defendant's motion to dismiss the third amended complaint. Upon careful consideration of the third amended complaint, the defendant's motion, and all memoranda of law relating thereto,[1] the Court must grant the defendant's motion.

### I. BACKGROUND

    The third amended complaint contains the following material allegations. The plaintiffs are a married couple who reside at an apartment located in Washington, D.C. Am. Compl. ¶¶ 2,

---

[1] In addition to the documents already identified, the Court considered the following submissions in rendering its decision: (1) the Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss the Third Amended Complaint ("Def.'s Mem."); (2) the Opposition to the Defendant's Second Motion to Dismiss ("Pls.' Opp'n"); and (3) the Defendant's Reply to Plaintiffs' Opposition to Defendant's Motion to Dismiss ("Def.'s Reply").

4. On April 1, 2010, a Judge of the Superior Court for the District of Columbia issued a warrant authorizing a search of the plaintiffs' apartment. Id. ¶¶ 4-5. The search warrant was issued upon a finding of probable cause to believe that the plaintiffs' apartment contained "[m]oney derived from the sale of illegal drugs, paperwork showing dominion control of narcotics, US currency, scales, bank records, mailboxes, safes, similar storage cabinets, photographs, tally sheets, proof of occupancy, receipts, packing, boxes, [and] indicia of sale of weapons." Id. ¶ 5. On April 9, 2010, ten officers from the District's Metropolitan Police Department executed the search warrant. Id. ¶ 4. The officers forcibly entered the plaintiffs' apartment without first knocking and announcing their authority and purpose. Id. When Mr. Costello asked the officers "what was going on," one of the officers "put a gun to his head, told him to shut up, forcefully twisted his arm, handcuffed him, and restricted him to [a] couch" in the apartment. Id. Ms. Nguyen then entered the room and asked "what's wrong," to which another officer "rushed over to her and told her to 'shut up,' pushed Ms. Nguyen against the wall, and forcibly pushed her outside of the apartment." Id. The officers restrained both plaintiffs while they conducted their search. Id. Ultimately, the officers uncovered none of the items listed in their search warrant, nor any other contraband. Id.

    The plaintiffs instituted this action on February 16, 2011, and thereafter filed their third amended complaint on April 14, 2011, asserting the following three claims against the District based upon the officers' search of the plaintiffs' apartment: Count I (for violations of the plaintiffs' civil and constitutional rights under 42 U.S.C. § 1983), id. ¶¶ 8-13; Count II (for violations of the plaintiffs' constitutional rights under the Fourth Amendment), id. ¶¶ 14-18; and Count III (for violations of the plaintiffs' constitutional rights under 18 U.S.C. § 3109), id. ¶¶ 19-23. On April 28, 2011, the District moved for dismissal of the third amended complaint pursuant

to Federal Rule of Civil Procedure 12(b)(6), contending that the plaintiffs have failed to state a claim of municipal liability against the District for the officers' allegedly unconstitutional search. Def.'s Mem. at 3-5.

## II. STANDARD OF REVIEW

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether the complaint properly states a claim on which relief may be granted." Davis v. Billington, 775 F. Supp. 2d 23, 32 (D.D.C. 2011). For a complaint to survive a Rule 12(b)(6) motion, Federal Rule of Civil Procedure 8(a) requires only that it provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "'detailed factual allegations'" are not required, a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57 (2007)), in order to "give the defendant fair notice . . . of what the claim is and the grounds upon which it rests," Twombly, 550 U.S. at 555 (citation omitted). Nor may a plaintiff offer mere "labels and conclusions . . . [or] a formulaic recitation of the elements of a cause of action." Id. at 555. Rather, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). "A complaint alleging facts which are merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." Id. (citing Twombly, 550 U.S. at 557) (internal quotation marks omitted).

In evaluating a Rule 12(b)(6) motion, the complaint must be liberally construed in the

plaintiff's favor and the Court must accept as true all of the well-pleaded factual allegations made therein. Davis, 775 F. Supp. 2d at 32-33. Nevertheless, while the Court must accept well-pleaded factual allegations, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pleaded with factual support need only be accepted insofar as "they plausibly give rise to an entitlement to relief." Iqbal, 129 S. Ct. at 1950.

### III. ANALYSIS

#### A. Municipal Liability Under § 1983 for Alleged Constitutional Violations

Section 1983 creates a private cause of action against any person who, acting under color of state or District of Columbia law, deprives another of a federal constitutional or statutory right. 42 U.S.C. § 1983. Under the Supreme Court's decision in Monell v. New York City Department of Social Services, 436 U.S. 658 (1978), "municipalities are liable for their agents' constitutional torts only if the agents acted pursuant to municipal policy or custom . . . . Respondeat superior liability does not apply." Warren v. District of Columbia, 353 F.3d 36, 38 (D.C. Cir. 2004) (citing Monell, 436 U.S. at 694). To state a § 1983 claim against the District, then, a plaintiff "must allege not only a violation of his rights under the Constitution or federal law, but also that the [District's] custom or policy caused the violation." Id. (citing Collins v. City of Harker Heights, 503 U.S. 115, 123-24 (1992)). "The plaintiff bears the burden of pleading the existence of a municipal custom or practice that abridge[d] her federal constitutional or statutory rights." Trimble v. District of Columbia, 779 F. Supp. 2d 54, 57 (D.D.C. 2011). A plaintiff may satisfy this burden by alleging that (1) "the municipality or one of its policymakers explicitly adopted the policy that was 'the moving force of the constitutional violation,'" Warren, 353 F.3d at 39 (quoting Monell, 436 U.S. at 694); (2) "a policymaker 'knowingly ignore[d] a practice that was consistent enough to constitute custom,'" Jones v. Horne, 634 F.3d 588, 601

4

(D.C. Cir. 2011) (quoting Warren, 353 F.3d at 39); or (3) the municipality "failed to respond to a need . . . in such a manner as to show 'deliberate indifference' to the risk that not addressing the need will result in constitutional violations," id. (quoting Baker v. District of Columbia, 326 F.3d 1302, 1306 (D.C. Cir. 2003)).

In attempting to identify a municipal custom or policy that caused the alleged violations of their constitutional rights, the plaintiffs claim that the District's officers executed the search warrant on their apartment pursuant to the

> District's long standing policy, practice, and custom that allows police officers to execute search warrants[] without training its officers how to properly execute a search warrant to insure that [it is] not executed in violation of the requirements of 18 U.S.C. § 3109,[2] and the Fourth Amendment of the United States Constitution's prohibition against unreasonable searches and seizures. It is the execution of this long standing policy, practice, and/or custom that caused the Plaintiff's injuries, alleged in this complaint.

Am. Compl. ¶ 7. From these allegations it appears that the plaintiffs are seeking to predicate the District's liability on a failure to train theory. As this Court has recognized, "only in limited circumstances can a municipality's failure to train employees constitute a policy or practice, and thus serve as the basis for municipal liability." Davis v. District of Columbia, ___ F. Supp. 2d ___, ___, 2011 WL 3240439, at *5 (D.D.C. 2011) (Walton, J.) (citing Atchinson v. District of Columbia, 73 F.3d 418, 421 (D.C. Cir. 1996)). The Supreme Court recently expounded in detail upon the standards governing municipal liability based on a failure to train theory:

---

[2] 18 U.S.C. § 3109 provides as follows:

> The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant.

The statute codifies the common law knock-and-announce requirement, a requirement which is also incorporated in the Fourth Amendment. United States v. Sutherland, 466 F.3d 1083, 1084 (D.C. Cir. 2006). The Circuit found in Sutherland that "§ 3109 and the Fourth Amendment have merged both in the standards governing entries into the home and in the remedy for violations of those standards. There is now one uniform knock-and-announce rule." Id. at 1085-86.

5

> A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train . . . . To satisfy [§ 1983], a municipality's failure to train its employees in a relevant respect must amount to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." Canton [v. Harris, 489 U.S. 378, 388 (1989)]. Only then "can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." Id. at 389 . . . . "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." [Board of Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 410 (1997)]. Thus, when city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program. Id. at 407 . . . . A pattern of similar constitutional violations by untrained employees is "ordinarily necessary" to demonstrate deliberate indifference for purposes of failure to train. [Id. at 409]. Policymakers' "continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action—the 'deliberate indifference'—necessary to trigger municipal liability." [Id. at 407]. Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.

Connick v. Thompson, ___ U.S. ___, ___, 131 S. Ct. 1350, 1359-60 (2011).

While the plaintiffs have alleged in conclusory terms that the District failed to train its officers regarding the lawful execution of search warrants, Am. Compl. ¶ 7, they have pleaded no facts indicating that the District's decisionmakers knew or should have known of any deficiencies in the training of its police officers concerning the execution of search warrants such that the District could be deemed "deliberately indifferent" towards citizens' constitutional rights, Connick, 131 S. Ct. at 1360. For instance, the plaintiffs have not alleged a "pattern of similar constitutional violations by untrained employees." Id. They instead rely solely upon the alleged unconstitutional search of their apartment as the basis for their claim against the District. Without further factual enhancement, the plaintiffs' allegations are insufficient to state a plausible claim of municipal liability against the District based on its improper training of its police officers. See, e.g., Davis, ___ F. Supp. 2d ___, 2011 WL 3240439, at *5 (dismissing §

6

1983 claims against the District where the plaintiff failed to plead facts showing that the District acted with deliberate indifference in failing to train its officers); Robertson v. District of Columbia, 2010 WL 3238996, at *8 (D.D.C. Aug. 16, 2010) (same); see also Trimble, 779 F. Supp. 2d at 59 ("merely speculating that an unidentified policy and uncorroborated practice or custom exists without providing any factual heft to support the allegation is insufficient to state a claim under § 1983").

The plaintiffs contend in their opposition brief that "Monell does not require that the execution of the government's policy or custom be unconstitutional." Pl.'s Opp'n at 2. Rather, the plaintiffs assert that "Monell only requires that the acts represent official policy." Id. Because the "execution of a search warrant is pursuant to an official policy," the plaintiffs claim that the District may be held liable for the officers' alleged unlawful execution of the search warrant on their apartment. Id. The plaintiffs misconstrue the Monell municipal liability standard. As the Court made clear in Monell, "the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution." 436 U.S. at 690 (emphasis added). In other words, it is not enough that a municipal official engaged in unconstitutional conduct while acting pursuant to a wholly legitimate, official policy of his employer. If that were the case, then municipalities would effectively be subject to respondeat superior liability for unconstitutional acts committed by their employees in their official capacities. That is precisely the rule that the Monell Court rejected when it adopted the "policy or custom" standard for municipal liability—a standard that the plaintiffs' allegations fail to satisfy.

Thus, because the plaintiffs have asserted only conclusory allegations of insufficient training devoid of factual support, their § 1983 claims against the District must be dismissed.

7

B.  **Other Asserted Bases for Municipal Liability**

The remaining counts in the plaintiffs' third amended complaint merit only brief discussion. Counts II and III seek damages for the District's alleged violations of the plaintiffs' rights under the Fourth Amendment and 18 U.S.C. § 3109, and are based on the same factual allegations as the plaintiffs' § 1983 claim. Am. Compl. ¶¶ 14-23. Regarding the Fourth Amendment claim, the plaintiffs cannot evade the strictures of <u>Monell</u> by styling their claim as a direct violation of the Constitution as opposed to a claim brought under § 1983. <u>See</u> <u>Tarpley v. Greene</u>, 684 F.2d 1, 9-11 (D.C. Cir. 1982) (applying rationale of <u>Monell</u> and holding that municipalities may not be held liable on a theory of <u>respondeat superior</u> for claims brought directly under the Constitution). As for the plaintiffs' claim under 18 U.S.C. § 3109, no provision of that statute creates an <u>express</u> private cause of action for damages against a municipality, nor do the plaintiffs cite any authority or offer any arguments supporting the existence of an <u>implied</u> cause of action under the statute. Accordingly, both counts must be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant the District's motion to dismiss pursuant to Rule 12(b)(6), and dismiss the plaintiffs' third amended complaint.

**SO ORDERED** this 1st day of December, 2011.[3]

REGGIE B. WALTON<br>
United States District Judge

---

[3] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.